# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DUSTIN MCWILLIAMS**, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | |
| **JSJ KLUB, LLC D/B/A HARRY BUFFALO**, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Dustin McWilliams ("Plaintiff"), on behalf of himself and all others similarly situated, for his Complaint against JSJ Klub, LLC d/b/a Harry Buffalo ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's pay policies and practices that violate the Fair Labor Standards Act ("FLSA"), Ohio Constitution, and the Ohio Revised Code.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

4. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

5. Plaintiff is an adult individual residing in Cleveland, Ohio, in Cuyahoga County.

6. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), Ohio Constitution, and Ohio Revised Code §§ 4111.03(D)(3) and 4113.15.

8. Defendant JSJ Klub, LLC is a for-profit Ohio limited liability company, with its principal place of business located in Cuyahoga County, Ohio. Defendant can be served through its statutory agent: Thomas Bliss, 20899 Lorain Road, Fairview Park, Ohio 44126.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d), Ohio Constitution, and Ohio Revised Code §§ 4111.03(D)(2) and 4113.15.

10. At all relevant times, Defendant comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written Consent to Join this Action is attached as Exhibit 1.

## FACTUAL ALLEGATIONS

13. Defendant is the owner and operator of the Harry Buffalo restaurant in downtown Cleveland, Ohio.

14. Plaintiff and other similarly situated employees are non-exempt tipped employees who worked for Defendant within the three years preceding the filing of this Complaint (the "Class").

15. At all times relevant, Defendant purported to pay Class Members the Ohio minimum wage for tipped employees, and took the maximum "tip credit" allowed by the FLSA and Ohio law toward its obligation to pay its employees minimum wage.

16. However, Defendant did not provide proper advance notice to the Class of the tip credit provisions contained in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, nor did they actually pay the Class the minimum tipped wage.

17. Defendant took illegal deductions from the Class Members' pay for "breakage" and "waste."

18. Because Defendant took these unlawful deductions from Class Members' pay, Defendant paid these employees less than the minimum allowable wage or the minimum allowable wage minus a tip credit. Consequently, Defendant lost its right to take a tip credit toward its minimum wage obligations.

19. Class Members also routinely worked in excess of 40 hours per week, but Defendant did not compensate Class Members at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek.

20. On some occasions, Class Members were not paid at all for hours worked in excess of 40 hours per work week.

21. For example, for the weeks of June 17, 2019, July 29, 2019, and August 26, 2019, Plaintiff worked in excess of 40 hours each week, but was only paid for 40 hours of work each week and was not paid any overtime compensation.

22. When Class Members were paid overtime compensation, Defendant paid them at a rate of one and one-half times the minimum wage for tipped employees. However, the FLSA requires

that, for purposes of calculating overtime for tipped employees, the regular rate of pay must include the amount of tip credit taken by the employer.

23. For example, for the week of December 16, 2019, Plaintiff worked 44.24 hours. Plaintiff was compensated at a rate of $4.30 per hour for forty hours, and $6.45 per hour for 4.24 hours. As a result, Plaintiff was not paid the proper amount of overtime compensation for those overtime hours worked.

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

25. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly situated employees.

26. Defendant failed to promptly pay Class Members all of the wages to which they were entitled.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

28. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former tipped employees employed by Defendant within the three (3) years preceding the date of the filing of this Action to the present, who had a deduction taken from their pay for "breakage" or "waste" and/or who worked forty or more hours in any workweek.**

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees

and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

30. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former employees employed by Defendant in Ohio within the last three years ("Ohio Class") defined as:

> **All current and former tipped employees employed by Defendant within the three (3) years preceding the date of the filing of this Action to the present, and who had a deduction taken from their pay for "breakage" or "waste" and/or who worked forty or more hours in any workweek.**

32. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least seventy-five people.

33. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees the applicable minimum wage, whether Defendant failed to pay its employee for all overtime hours worked at a rate of one and one-half times their regular rate of pay, and whether Defendant's failure to pay proper wages violated the Ohio Prompt Pay Act.

34. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage Violations)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff and the Class are or were non-exempt, hourly tipped employees who all completed substantially the same job duties for Defendant.

39. Defendant impermissibly took a tip credit from the wages of Plaintiff and the Class.

40. Defendant did not provide Plaintiff and the Class with notice of the tip credit as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

41. Defendant also paid Plaintiff and the Class less than the allowable minimum wage for the hours they worked by taking deductions from their paychecks for Defendant's benefit.

42. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

43. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Class were injured in that they did not receive minimum wages due to them pursuant to the FLSA.

## COUNT TWO
### (FLSA Overtime Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

46. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

48. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Class were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.

## COUNT THREE
### (Ohio Minimum Wage Violations)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Defendants paid Plaintiff and the Ohio Class below minimum wage for the hours they worked by taking improper deductions from their paychecks for Defendant's benefit.

51. Article II § 34a of the Ohio Constitution requires that employees be paid not less than minimum wage for all hours worked, with a maximum allowable tip credit of half of regular minimum wage.

52. By not paying Plaintiff and the Ohio Class at least minimum wage for each hour worked, Defendant has violated the Ohio Constitution, Article II, § 34a.

53. Defendant's minimum wage violations with respect to the Ohio Class are continuing violations.

54. As a result of Defendant's violations, Plaintiff and the Ohio Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

## COUNT FOUR
### (Ohio Overtime Violations)

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio Revised Code § 4111.03.

57. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT FIVE
### (Ohio Prompt Pay Act Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. During all relevant times, Defendant was an employer within the meaning of Ohio Revised Code § 4113.15, and Plaintiff and the Ohio Class were employees within the meaning of Ohio Revised Code § 4113.15 and were not exempt from its protections.

60. Ohio Revised Code § 4113.15 requires Defendant to pay Plaintiff and the Ohio Class all wages due on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

61. Plaintiff and the Ohio Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

62. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

63. As a result of Defendant's willful violation, Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages, as stated in Ohio Revised Code § 4113.15.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays for the following relief:

A. Certification of this action as an FLSA collective action on behalf of the Class and prompt issuance of notice to all similarly-situated members of the Class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and his counsel to represent the members of the FLSA Collective;

B. Unpaid minimum wages, unlawful deductions, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Actual damages for unpaid minimum wages and overtime compensation;

D. Liquidated damages in amount equal to the overtime compensation due to Plaintiff and the Class;

E. An award of damages under Section 34a calculated as an additional two times unpaid wages;

F. Certification of this case as a class action on behalf of the Ohio Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G. Designation of Plaintiff as representative of the members of the Ohio Class and counsel of record as Class Counsel;

H. An award of unpaid minimum wages;

I. An award of damages under Section 34a calculated as an additional two times of back wages;

J. Liquidated damages under O.R.C. § 4113.15;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

M. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*